James Coy *v.* James Munier.

**Mandamus—Adequate and Complete Remedy.**

Mandamus cannot be resorted to when plaintiff has appropriate legal remedy, complete and adequate.

APPEAL FROM NELSON CIRCUIT COURT.

April 15, 1876.

Opinion by Judge Lindsay :

This is not a case for a mandamus. The statutes furnished the appellee with a remedy, complete, specific and adequate. He is the holder by assignment of a claim against the county of Nelson. It has been allowed by the court of claims, and the appellant, the sheriff of said county, has been directed to pay it out of the county taxes, levied for a given fiscal year, and its amount, together with the name of his assignor, is upon the list of the claims furnished to the sheriff by the clerk of the county court.

If appellee has demanded payment and it has been refused, he may have recovery against the appellant and his sureties for his demand, with ten per centum upon the amount due, and he may proceed by suit in the circuit court, or by motion in the county court. Sec. 7, Art. 2, Chap. 27, General Statutes.

Although, in this state, a writ of mandamus is an order of a court of competent and original jurisdiction commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law, yet it will not be granted as a matter of course in any instance in which the party

aggrieved has an interest in compelling the officer to do or refrain from doing the act so enjoined upon him. It should generally be refused when he has some other appropriate remedy. *Goheen v. Myers,* 18 B. Mon. 426. It should never be granted when he has a legal remedy that is specific and complete.

The judgment awarding the writ in this case is *reversed* and the cause remanded with instructions to dismiss appellee's petition.

*C. T. Akinson, for appellant.   Muir & Wickliffe, for appellee.*